———o———

MARTIN L. REID, Respondent, vs. JOHN B. PORTER, et al., Executors of W. T. PORTER, Appellants.

1. *Executors—Wills—Direction to support family of testator—Supplies furnished—Suit for.*—A. by his will directed his executors to support his family till his estate should be divided. B., a merchant, sold certain supplies to the widow, and sued the executors therefor. *Held,* that to allow such a suit would subvert the will of the testator, who confided in his executors to, furnish the family with reasonable funds; that if they failed to do so, they could be compelled to perform this duty by a court of equity, perhaps by the Probate Court itself.

*Appeal from Adair Circuit Court.*

*Barrow & Millan, and Ellison & Ellison,* for Appellants.

I. The claim presented is not a demand against the estate, of the deceased. (Hailey vs. Wheeler, 4 Jones [N. C.], 159; McKay vs. Royal, 7 Jones, 426; Gregory vs. Hooker, 1 Hawk. [N. C.], 394; Farrar vs. Dean, 24 Mo., 16; Lorin vs. Olinger, 12 Ind., 29.) Where the cause of action arises after the death of a party, no suit can be maintained on it so as to change the estate. (Mills vs. Kuykendall, 2 Blackf., 47.)

II. If the executors should refuse to furnish the support, the cause of action would not be against the estate, but against them personally by attachment, or any other way by which the jurisdiction of the court is enforced.

*Harrington & Cover,* for Respondent.

I. If the defendants pay the account of plaintiff, the Probate Court, in making their settlement of the estate, must allow them a credit for all necessaries furnished the family; if the deceased himself were living, he would be liable for necessaries suitable to his circumstances and the condition of his family.

WAGNER, Judge, delivered the opinion of the court.

This is an account, filed in the Probate Court of Adair county, for thirty four dollars and forty cents by the plaintiff, for goods furnished the widow and family of W. T. Porter. The case was tried in the Circuit Court, having been removed there because one of the executors sued was a judge of the Probate Court.

The account was for some articles of clothing furnished by plaintiff, who was a merchant.

There was no dispute, that the articles were furnished, nor any controversy about the reasonableness of their price. The only question is, whether the executors were liable, and this liability is based on a clause of the will, which provides, that they shall provide for the support of the widow and children, thus: "It is my will and desire, that, until distribution of my estate shall be made according to item No. 9, my executors provide for the sustenance and support of my wife, A. C. Porter, and my two daughters (naming them), or such of them as shall survive me; said support and sustenance to be out of my estate, and my executors are authorized and empowered to dispose of property, upon the terms to all intents and purposes as specified in item second, for that purpose."

It appears that the executors made arrangements with several merchants, authorizing them to supply necessaries both of food and clothing; though this is not a matter of any importance in the decision of this case.

The important question is, passing by the small amount in controversy, whether a third person, other than the executors,

can assume to determine upon the necessity or propriety of the purchases made. ,The claim is not one against the estate of the deceased, clearly, unless it is so by reason of the trust conferred on the executors. The enforcement of this trust is not confided by our laws to the Probate Courts, nor could it be enforced in any court by a proceeding of this sort.

It was a trust confided in the executors. If they failed or refused to discharge it, a court of equity, perhaps the Probate Court itself, would compel them to perform their duty.

To hold however, that the widow and children could contract debts to any amount, and that their creditors could force the executors to pay them, would be to subvert the will of the testator, who confided in his executors-to furnish them with reasonable funds for this purpose.

Without regard to the form of this proceeding, there was an assumption that the executors had not done their duty. Upon that assumption the liability enforced in this case was based.

The judgment is reversed. The other judges concur.